# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARCHIE TINDELL, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>COMMONWEALTH OF )<br>PENNSYLVANIA, DEPARTMENT OF )<br>CORRECTIONS, et al, )<br>    Defendants. ) | Civil Action No. 11-173 Erie<br><br>District Judge Ambrose<br><br>Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the instant action be dismissed due to Plaintiff's failure to prosecute this case.

**II.    REPORT**

    **A.    Relevant Procedural History**

Plaintiff, a pro se inmate, presented this civil rights complaint on August 15, 2011 by way of "removal" from the Forest County Court of Common Pleas. Plaintiff alleges that fifty-one named Defendants have violated his constitutional rights in numerous ways. Following the filing of the complaint, this Court directed Plaintiff to either pay the filing fee of $350.00 or file a motion for leave to proceed in forma pauperis before September 7, 2011. ECF No. 2. When Plaintiff failed to comply with that Order, this Court directed Plaintiff to show cause for his failure before September 20, 2011, or risk dismissal of this case for failure to prosecute. ECF No. 4.

In response to the second show cause order, Plaintiff filed a document he entitled "Affidavit" detailing his attempts at providing an institutional account statement in support of a motion for in forma pauperis status and attaching an account statement showing that his balance was $-5.90. ECF No. 5. Thereafter, based on the representations in the Affidavit, this Court ordered the U.S. Marshal Service to serve the complaint on all of the over fifty named Defendants with the costs to be borne by the United States. ECF No. 6. This Order effectively granted Plaintiff in forma pauperis status and he was allowed to proceed without charge.[1]

By motion filed May 23, 2012, Defendants noticed this Court of several prior frivolous dismissals in Plaintiff's federal court filings. ECF No. 155. By Order dated May 25, 2012, this Court revoked Plaintiff's in forma pauperis status pursuant to 28 U.S.C. §1915(g) due to the prior frivolous dismissals and because the complaint did not allege that Plaintiff was in imminent danger of serious physical injury. ECF No. 156. The Order further indicated that Plaintiff must pay the filing fee of $350.00 before June 18, 2012, or risk dismissal for failure to prosecute. The Order warned that Plaintiff had fourteen days (until June 6th) in which to file Objections to the Order, and that failure to do so in a timely manner may constitute waiver of rights.

On June 8, 2012, Plaintiff filed a notice of appeal in the United States Court of Appeals for the Third Circuit challenging the order revoking in forma pauperis status. ECF No. 159. By Order dated July 19, 2012, the Third Circuit dismissed the appeal based upon Plaintiff's failure to timely prosecute the appeal due to his failure to pay the requisite filing fee. ECF No. 166.

---

[1] The in forma pauperis statute provides for a payment plan for pro se incarcerated individuals based upon the greater of either the average monthly deposits or the average monthly balance in an inmate's account. In this Court's experience with the application of the statute, it is highly unusual for a plaintiff to be allowed to proceed without payment of the filing fee or payment of the service fees to the U.S. Marshal Service.

On June 21, 2012, Plaintiff filed untimely Objections in this District Court to the Order revoking in forma pauperis status (ECF No. 164), and by Text Order dated July 26, 2012, District Judge Ambrose overruled the objections indicating that the Order of the Magistrate Judge was "neither clearly erroneous or contrary to law."

As of today's date, Plaintiff has not paid the filing fee in this case, which was due by June 18, 2012.

B. The Poulis Analysis

The Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case. This case is almost a year old, yet Plaintiff has not taken the initial steps in paying the required filing fee. Without Plaintiff's payment of the filing fee, this case cannot proceed. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are

inappropriate with indigent parties. Although it is possible that Plaintiff's allegations could state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

Accordingly, this case should be dismissed due to Plaintiff's failure to prosecute.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the instant action be dismissed due to Plaintiff's failure to prosecute.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: July 30, 2012